## WILLIAM DOUGLAS SLOANE
### v.
## RINNAH A. WELLS.

*Sales—Real Estate—Cancellation of Contract.*

1. Where a vendor files a bill to cancel a contract to purchase certain
real estate, by the terms of which contract payment was to be made after
an abstract of title had been furnished and found satisfactory, it is not suffi-
cient to allege that vendee did not find the abstract furnished satisfactory,
and that he, the vendor, has tendered a warranty deed and the earnest
money, which has been declined.

2. It does not, in the case presented, from such allegation appear that
the vendee ought to have been satisfied with the abstract, or that, in tender-
ing a warranty deed, there was tendered a good and sufficient title.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon.
O. H. HORTON, Judge, presiding.

Sloane v. Wells.

Appellant made a written contract of sale to appellee of certain real property. One thousand dollars was paid down; payment of the balance was to be made in thirty days after an abstract of title made by a reputable abstract maker had been furnished and found satisfactory, and upon the delivery of a good and sufficient warranty deed. Appellee was not satisfied with the abstract furnished and so notified appellant. Appellant thereupon tendered a warranty deed; this being declined, he tendered back the $1,000 and demanded a surrender of the contract; this being refused, he filed his bill to cancel the contract, it having been placed on record.

Messrs. C. H. Remy and J. B. Mann, for appellant.

Mr. Matthew P. Brady, for appellee.

Waterman, P. J. The bill filed in this case alleges that the abstract was not found satisfactory by appellee; it does not charge that the abstract was such an one as ought to have been regarded as satisfactory; nor does it set forth what the abstract contained, so that the court could determine whether it was one with which appellee ought to have been satisfied. Nor is there any showing that it is not within the power of appellant to furnish a satisfactory abstract. Nor is there any showing that, in tendering a warranty deed, there was tendered a good and sufficient title.

A general consideration of the rights of vendors under contracts for the sale of real property will be found in Derickson v. Chicago South Branch Dock Co., 18 Ill. App. 531. The case of Hale v. Cravener, 128 Ill. 408, is decisive of this, and the decree of the court below dismissing the bill for want of equity is affirmed.

*Decree affirmed.*